No. 04-735
IN THE SUPREME COURT OF THE STATE OF MONTANA
2006 MT 228

JESSICA SIKORSKI, Individually, and CHRIS CHRISTENSEN, as Personal
Representative of the Estate of James Neumayer,  Deceased, and as Personal
Representative of the Estate of  Kaitlyn Neumayer, Deceased, and
CHRISTOPHER and LORI KNUTSEN, Individually and as Personal
Representatives of the Estate of Amber Knutsen, Deceased, C.J. KNUTSEN,
Individually, and KIMBERLY KNUTSEN, Individually,

      Plaintiffs and Appellants,

  v.

WILLIAM ANDREW JOHNSON, STATE OF MONTANA, DEPARTMENT
OF JUSTICE, MONTANA HIGHWAY PATROL, and DEPARTMENT
OF MOTOR VEHICLES, DRIVERS' SERVICES BUREAU, WESTERN
MONTANA CLINIC, P.C., and OTHER UNKNOWN DEPARTMENTS,
AGENCIES AND PERSONS IDENTIFIED AS JOHN DOES I THROUGH V,

      Defendants and Respondents.

APPEAL FROM:    District Court of the Fourth Judicial District,
                  In and For the County of Missoula, Cause No. DV 03-448
                  Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

            Lon J. Dale; Milodragovich, Dale, Steinbrenner & Binney, P.C., Missoula,
            Montana (for Appellants Jessica Sikorski and Chris Christensen)

            Douglas D. Harris; Douglas Harris Law Offices, Missoula, Montana
            (for Appellants Christopher and Lori Knutsen)

      For Respondents:

            Randy J. Cox, Natasha Prinzing Jones, Thomas J. Leonard; Boone
            Karlberg, Missoula, Montana (for Respondent State of Montana)

            Anita Harper Poe; Garlington, Lohn & Robinson, PLLP, Missoula,
            Montana (for Respondent Western Montana Clinic)

                    Submitted on Briefs:  August 3, 2006
                          Decided:  September 12, 2006

Filed:

_____

                   Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Plaintiffs (collectively, Sikorskis) filed this wrongful death, survival and personal injury action after three people were killed in an automobile collision involving a vehicle driven by defendant William Andrew Johnson. The Fourth Judicial District Court, Missoula County, dismissed Sikorskis' claims against defendant Western Montana Clinic, P.C., (Clinic) and granted the motion for judgment on the pleadings filed by defendants State of Montana, Department of Justice, Montana Highway Patrol, and Department of Motor Vehicles, Drivers' Services Bureau (collectively, State defendants), on the basis that no duty existed. Sikorskis appeal, and we affirm.

¶2 Sikorskis raise two issues:

¶3 1. Did the District Court err in granting the Clinic's motion to dismiss?

¶4 2. Did the District Court err in granting the State defendants' motion for judgment on the pleadings?

BACKGROUND

¶5 James Neumayer, Kaitlyn Neumayer and Amber Knutsen died from injuries they sustained in a three-vehicle collision on U.S. Highway 93 South in Missoula, Montana, on June 8, 2000. Sikorskis--the survivors and legal representatives of the estates of the decedents--filed a complaint alleging Johnson's negligent failure to properly control his diabetes resulted in his negligent operation of his vehicle and caused the collision. Sikorskis also allege negligence against the Clinic, where Johnson was a patient. They contend the Clinic knew or should have known from its medical evaluations of Johnson that he was unfit

2

to drive, and should have reported him to the State of Montana, Department of Motor Vehicles, Drivers' Services Bureau. Finally, Sikorskis argue that, after employees of the State of Montana investigated a single-car accident involving Johnson in February of 2000, the State defendants should have known Johnson was suffering from dangerous conditions caused by his failure to properly control his diabetes, was unfit to operate a motor vehicle and constituted a menace to the motoring public. On that basis, they contend the State defendants breached "their duties to investigate, supervise, disseminate information about, coordinate, and monitor those persons unable to safely operate motor vehicles upon Montana highways."

¶6 The Clinic moved to dismiss the claim against it based on the absence of a duty to Sikorskis and the physicians' immunity provision contained in § 37-2-312, MCA. The State defendants moved for judgment on the pleadings, asserting they owed no legal duty to the individual plaintiffs and, moreover, were immune under the doctrine of quasi-judicial immunity. Sikorskis moved to convert the State defendants' motion for judgment on the pleadings to a motion for summary judgment. Following briefing, the District Court entered an opinion and order granting both the Clinic's and the State defendants' motions. Stating it had not considered any matters outside the pleadings, the court determined Sikorskis' motion to convert was moot. Sikorskis then moved for M. R. Civ. P. 54(b) certification of the District Court's order, and the District Court certified its opinion and order for appeal.

¶7 In September of 2005, after the parties filed their briefs on appeal, we determined the District Court had failed to consider Sikorskis' claims against the State defendants under the statutes in effect at the time the collision occurred. As a result, we remanded for the District Court's reconsideration of the State defendants' motion for judgment on the pleadings under

3

the 1999 version of the statutes. On remand, the District Court again granted the State defendants' motion for judgment on the pleadings. The parties have rebriefed that portion of the appeal, and both issues are now ready for our review.

STANDARDS OF REVIEW

¶8 A motion to dismiss a complaint for failure to state a claim upon which relief can be granted has the effect of admitting all well-pled allegations in the complaint, which are to be taken as true. A determination that a complaint fails to state a claim upon which relief can be granted is a conclusion of law which we review to determine whether the district court's interpretation of the law is correct. *Dukes v. Sirius Const., Inc*., 2003 MT 152, ¶ 11, 316 Mont. 226, ¶ 11, 73 P.3d 781, ¶ 11 (citation omitted).

¶9 Similarly, when a district court rules on a motion for judgment on the pleadings, the pleadings are to be considered in the light most favorable to the nonmoving party. Because a motion for judgment on the pleadings is decided as a matter of law, we determine whether the district court's conclusions of law are correct. *See Paulson v. Flathead Conservation Dist*., 2004 MT 136, ¶ 17, 321 Mont. 364, ¶ 17, 91 P.3d 569, ¶ 17 (citations omitted).

ISSUE 1

¶10 Did the District Court err in granting the Clinic's motion to dismiss?

¶11 A claim may be dismissed under M. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted only if it appears beyond a doubt that the plaintiffs can prove no set of facts in support of the claim which would entitle them to relief. A Rule 12(b)(6) motion to dismiss has the effect of admitting all well-pled allegations in the complaint. *Dukes*, ¶ 11.

¶12 A professional corporation whose employee performs professional services within the scope of his or her employment or apparent authority to act for the corporation is liable to the same extent as the employee. *See* § 35-4-404(2), MCA. Sikorskis' wrongful death, survival and personal injury claims against the Clinic are based on alleged negligence and gross negligence via unnamed Clinic employees' failures to report Johnson to the State of Montana, Department of Motor Vehicles, Drivers' Services Bureau.

¶13 A claim of negligence involves four elements: duty, breach of duty, causation and damages. *Massee v. Thompson*, 2004 MT 121, ¶ 41, 321 Mont. 210, ¶ 41, 90 P.3d 394, ¶ 41 (citation omitted). The question of whether a duty exists is one of law. Absent a duty, breach of duty cannot be established and a negligence action cannot be maintained. *Debcon, Inc. v. City of Glasgow*, 2001 MT 124, ¶ 29, 305 Mont. 391, ¶ 29, 28 P.3d 478, ¶ 29 (citation omitted).

¶14 The District Court determined, as a matter of law, that the Clinic had no legal duty to Sikorskis. It relied on § 37-2-311(1), MCA, which provides that a physician who diagnoses a physical or mental condition which will significantly impair a person's ability to safely operate a motor vehicle "may voluntarily" report the person's name to the Department of Justice (DOJ). The court also concluded that the Clinic was immune from any liability pursuant to § 37-2-312, MCA.

¶15 In interpreting statutes, we pursue the intent of the Legislature, which we determine, if possible, by the plain meaning of the language used. *Saari v. Winter Sports, Inc.*, 2003 MT 31, ¶ 22, 314 Mont. 212, ¶ 22, 64 P.3d 1038, ¶ 22 (citation omitted). A court's function is to construe statutes as it finds them, not to insert what has been omitted. Section 1-2-101,

5

MCA; *Greens at Fort Missoula, LLC v. City of Missoula*, 271 Mont. 398, 403, 897 P.2d 1078, 1080 (1995).

¶16    Sikorskis do not dispute the District Court's conclusion that the "reporting" language of § 37-2-311(1), MCA, is permissive rather than mandatory.  Therefore, we conclude the District Court did not err in determining that the Clinic had no duty to "report or disseminate" pursuant to § 37-2-311(1), MCA.

¶17    Sikorskis also do not dispute the clear language in the second sentence of § 37-2-312, MCA, that "[n]o action may be brought against a physician for not making a report pursuant to 37-2-311."    They argue, however, that § 37-2-312, MCA, does not provide immunity from liability for damages occasioned by gross negligence, relying on the first sentence of that statute, which grants immunity to "[a]ny physician reporting in good faith . . . except for damages occasioned by gross negligence."  They claim evidence--including two previous reports by the Clinic to the DOJ on April 25, 1997, and September 23, 1997, concerning Johnson's diabetic condition--would support the allegation in their complaint that the Clinic acted with gross negligence in failing to report Johnson.  Consequently, according to Sikorskis, the District Court failed to give them the benefit of the most favorable reading of their complaint.  Here, however, the threshold issue is whether, even taking as true the factual portion of Sikorskis' allegation that the Clinic's failure to report constituted gross negligence, § 37-2-312, MCA, provides the Clinic with immunity as a matter of law.

¶18    The first sentence of § 37-2-312, MCA, grants a physician who voluntarily reports a patient immunity from liability except in the event damages result from gross negligence.  The second sentence of § 37-2-312, MCA, grants complete immunity to a physician who

6

does not make a report regarding a patient. In construing a statute, a court is to ascertain and declare what is contained therein, not to insert what has been omitted. Section 1-2-101, MCA; *Greens*, 271 Mont. at 403, 897 P.2d at 1080. The Legislature having declined to provide an exception from immunity when a physician does not report a patient, we cannot insert such an exception into § 37-2-312, MCA. Thus, taking as true Sikorskis' allegations that the Clinic did not report Johnson, we conclude § 37-2-312, MCA, does not impose a duty to report or subject a physician who does not report to liability. Therefore, we further conclude the District Court did not err in interpreting the plain language of § 37-2-312, MCA.

¶19 Sikorskis also claim the Clinic waived immunity from liability under § 37-2-312, MCA, because it had reported Johnson to the DOJ on two previous occasions. They advance *Idaho Asphalt Supply v. State, Dept. of Transp.*, 1999 MT 291, ¶ 19, 297 Mont. 66, ¶ 19, 991 P.2d 434, ¶ 19 (citation omitted), solely for the definition of "waiver" as the voluntary and intentional relinquishment of a known right or privilege which may be proven by express declarations or by a course of acts and conduct so as to induce the belief that the intention and purpose was to waive the right or privilege. Sikorskis rely on *Montana Mining Properties, Inc. v. ASARCO, Inc.*, 270 Mont. 458, 893 P.2d 325 (1995), for the proposition that waiver is a material question of fact not susceptible to a pretrial motion.

¶20 *Montana Mining Properties* was an action for breach of a contract for the sale of mining property. The issue on appeal was whether the district court had correctly granted summary judgment on grounds that the defendant seller had waived his right to terminate the contract by delivering to the buyer documents which appeared to maintain that the contract

7

had been terminated by breach and, inconsistently, to acknowledge the continuing existence of a contractual right of first refusal. We reversed and remanded for trial, holding that the intent of the seller and whether he had voluntarily waived his right to terminate the contract were questions of material fact. *Montana Mining Properties*, 270 Mont. at 466, 893 P.2d at 330.

¶21 *Montana Mining Properties* did not involve the waiver of a right to statutory immunity and does not support the proposition that prior voluntary reports pursuant to § 37-2-311, MCA, may--depending on the facts--constitute a waiver of the immunity provided under § 37-2-312, MCA. Thus, *Montana Mining Properties* is of no assistance to Sikorskis, and they have provided no other authority to support their claim that any earlier reports made by the Clinic constitute a waiver of § 37-2-312, MCA, immunity.

¶22 Finally, Sikorskis argue that their complaint states a claim against the Clinic for failure to warn Johnson not to drive. Sikorskis rely on two cases from other jurisdictions --*Myers v. Quesenberry*, 144 Cal.App.3d 888 (Cal. App. 1983), and *Joy v. Eastern Maine Medical Center*, 529 A.2d 1364 (Maine 1987)--in support of their failure to warn theory. Sikorskis raised this argument to the District Court in their brief opposing the Clinic's motion to dismiss, but the complaint contains no claim of failure to warn, and the District Court did not address it.

¶23 We liberally construe pleadings. *See Ryan v. City of Bozeman*, 279 Mont. 507, 513, 928 P.2d 228, 232 (1996) (citation omitted). However, we cannot properly create a cause of action not explicitly or implicitly stated in Sikorskis' complaint against the Clinic where none exists, especially when well-pled allegations must be taken as true in considering a motion to

dismiss for failure to state a claim. Therefore, we decline to consider this argument further.

¶24 We hold that the District Court did not err in granting the Clinic's motion to dismiss.

ISSUE 2

¶25 Did the District Court err in granting the State defendants' motion for judgment on the pleadings?

¶26 Like their claim against the Clinic, Sikorskis' claim against the State defendants is negligence-based. Sikorskis alleged that the State defendants negligently breached their duties to "investigate, supervise, disseminate information about, coordinate, and monitor" people--such as Johnson--unable to safely operate their vehicles, and that the breaches caused the three deaths at issue here. On remand, the District Court concluded the State defendants owed no duty under the 1999 version of the statutes and went on to determine that a decision regarding whether to issue, suspend or revoke a driver's license qualifies for common law quasi-judicial immunity. The court granted the State defendants judgment on the pleadings on those grounds, among others. For the reasons discussed below, we agree with the District Court's decision on the absence of a duty. Consequently, we need not reach Sikorskis' arguments relating to quasi-judicial immunity, the public duty doctrine or a special relationship exception to the public duty doctrine here.

¶27 As a threshold matter, we attempt to address Sikorskis' argument relating to whether the District Court considered matters outside the pleadings and whether--or the extent to which--such consideration constituted error of some kind. As background, we observe that Sikorskis moved to amend their complaint four months before the trial court's original order on pending motions. They attached two exhibits to that motion, which sought to identify a

9

State law enforcement officer as defendant John Doe I. In its original order granting the Clinic's motion to dismiss and the State defendants' motion for judgment on the pleadings, the District Court deemed the motion to amend moot on immunity grounds.

¶28 On appeal from the order on remand, Sikorskis contend that the District Court considered one of the exhibits attached to their motion to amend, but should have considered both. Later, however, they contend the court refused to consider either because the matters were outside the pleadings. As a result, we are at a loss to understand even Sikorskis' underlying premise. In any event, however, Sikorskis do not explain how the exhibits attached to their motion to amend could have substantially affected the District Court's analysis of the State defendants' motion for judgment on the pleadings. For those reasons, we do not address this matter further.

¶29 As noted above, after the parties filed their briefs on appeal, we remanded the case to the District Court for consideration of Sikorskis' claims under the 1999 statutes in effect at the time the collision occurred, rather than the 2003 statutes in effect at the time the court's original order was entered. In its opinion and order on remand, the District Court stated the parties had concurred that the two versions of the statutes are identical except that the 1999 version of § 61-5-206(1), MCA, includes additional grounds for revoking or suspending a driver's license. The court concluded that difference did not constitute cause to alter its previous determination that the State defendants owed no duty to Sikorskis. We agree.

¶30 Under § 61-5-206, MCA (1999), the DOJ "may" suspend the driver's license of a person who has been involved as a driver in any accident resulting in death, injury or serious property damage. Thus, while § 61-5-206(1), MCA (1999), enumerates more circumstances

10

under which the DOJ may suspend a driver's license than does the 2003 version of that statute, the authority remains discretionary. Similarly, if the DOJ receives reliable evidence that a licensed driver lacks the ability to exercise ordinary and reasonable control in safely operating a vehicle on the highway, it "may" require the licensee to obtain a medical evaluation or submit to one or more tests and, upon review, "may" restrict or suspend the license, or it "may" take no action modifying the license. *See* § 61-5-207(1) and (2), MCA (1999). By using "may" in these statutes, the Legislature has provided the DOJ discretionary authority to act or decline to act. We conclude the statutes do not create a duty on the part of the DOJ. Absent a duty, Sikorskis cannot succeed in their claim of negligence against the State defendants, even taking their well-pled allegations of fact as true. *See Debcon*, ¶ 29. We hold the District Court did not err in granting the State defendants' motion for judgment on the pleadings.

## CONCLUSION

¶31    We hold the District Court did not err in granting the Clinic's motion to dismiss, because the Clinic was immune from liability under § 37-2-312, MCA. We further hold the District Court did not err in granting the State defendants' motion for judgment on the pleadings, because the State defendants had no statutory duty to suspend or revoke Johnson's driver's license.

¶32    Affirmed.

/S/ KARLA M. GRAY

11

We concur:

/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ PATRICIA COTTER