DA 13-0579

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 38N

PETER ROTHING,

      Plaintiff and Appellant,

  v.

SEAN O'CALLAGHAN,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
                  In and For the County of Gallatin, Cause No. DV-12-1009C
                  Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Peter Rothing (Self-Represented), Belgrade, Montana

        For Appellee:

            Guy W. Rogers, Jon A. Wilson, Brown Law Firm, P.C., Billings, Montana

                          Submitted on Briefs:  January 8, 2014
                                    Decided:  February 11, 2014

Filed:

                                Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On December 27, 2012, Rothing brought this action against O'Callaghan, an employee of Gallatin County. The complaint is captioned as a "Petition for Redress of Grievances Under a Taxpayer Lawsuit," and arises from Rothing's efforts beginning in 2005 to obtain a septic permit from Gallatin County for two lots that he owns. Rothing seeks relief including money damages for himself, restitution to Gallatin County for any money spent to defend his lawsuit, and restoration of a government under the Constitution. O'Callaghan moved to dismiss the complaint for failure to state a claim, and the issue was thoroughly briefed by both parties. The District Court granted O'Callaghan's motion to dismiss and Rothing appeals. We affirm.

¶3 The District Court examined Rothing's complaint and found that it was based upon vague and conclusory allegations that fail to state any cognizable legal claims. Since the complaint failed to provide adequate notice of the factual and legal basis of Rothing's claims, it failed to state a claim and was subject to dismissal. The District Court also found that Rothing's complaint failed to state a claim of entitlement to an injunction as required by § 27-19-201, MCA.

2

¶4 Rothing's briefing on appeal does nothing to explain the legal basis for a claim against O'Callaghan. Instead, Rothing's briefs are primarily broad and generic statements of philosophy, law or statutes that are not directly related to any claim against O'Callaghan. Much of Rothing's briefing is devoted to allegations of wrongdoing by the District Court.

¶5 The complaint narrates a number of facts about Rothing's dealings with Gallatin County, but never identifies the actual legal causes of action upon which he seeks relief. Rothing's sweeping statements about his dissatisfaction with government cannot substitute for a pleading that alleges facts that support identified legal claims. The District Court and the opposing party are entitled to adequately-pled claims, as required by M. R.. Civ. P. 8(a). The courts cannot create a cause of action not explicitly or implicitly stated in the complaint. *Sikorski v. Johnson*, 2006 MT 228, ¶ 23, 333 Mont. 434, 143 P.3d 161. The District Court was correct as a matter of law to dismiss Rothing's complaint.

¶6 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶7 Affirmed.

/S/ MIKE McGRATH

We concur:


/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE