# FILED

February 11 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 13-0520

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### 2014 MT 36N

PETER ROTHING,

  Plaintiff and Appellant,

v.

GALLATIN COUNTY,

  Defendant and Appellee.

APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV-11-665A
Honorable Holly Brown, Presiding Judge

COUNSEL OF RECORD:

  For Appellant:

  Peter Rothing (Self Represented), Belgrade, Montana

  For Appellee:

  Marty Lambert, Gallatin County Attorney, Bozeman, Montana

Submitted on Briefs:  January 8, 2014
Decided:  February 11, 2014

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    On July 18, 2011, Rothing brought this action against Gallatin County asserting claims for damages and for injunctive relief, all arising out of the County's adoption or implementation of a floodplain regulation ordinance.  Rothing filed amended and second amended complaints and the County moved to dismiss.  After briefing the District Court granted the County's motion and Rothing appeals.  We affirm.

¶3    The District Court concluded that Rothing's claims arose from County actions taken in April 2009, and that the two-year statute of limitations for damages to real property in § 27-2-207, MCA, applied.  Since the complaint was filed in July 2011, it was barred.  Even though the action was barred, the District Court analyzed Rothing's remaining claims, determining that his filings were insufficient to meet the pleading requirements of M. R. Civ. P. 8(a), and were too vague and conclusory to establish a claim upon which relief can be granted.

¶4    It is clear that the District Court afforded Rothing substantial opportunity to refine his pleadings to state claims.  It is also clear that his complaint was barred by the statute of limitations and that he otherwise failed to state a claim upon which relief can be

2

granted. The courts cannot create a cause of action not explicitly or implicitly stated in the complaint. *Sikorski v. Johnson*, 2006 MT 228, ¶ 23, 333 Mont. 434, 143 P.3d 161.

¶5     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶6     Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE