DA 13-0599

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2014 MT 75N

PETER ROTHING,

      Plaintiff and Appellant,

  v.

GALLATIN COUNTY,

      Defendant and Appellee.

APPEAL FROM:      District Court of the Eighteenth Judicial District,
                   In and For the County of Gallatin, Cause No. DV-12-806C
                   Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Peter Rothing (Self Represented), Belgrade, Montana

      For Appellee:

            Marty Lambert, Gallatin County Attorney, Bozeman, Montana

                      Submitted on Briefs:  February 26, 2014
                                Decided:  March 18, 2014

Filed:

                                   Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 In October 2012 Rothing commenced this action by filing a "Complaint: Violations of the Constitution Illegal Misuse of Taxpayer Moneys" ("Complaint") and a companion document captioned "Petition for Redress of Grievances Under the 1st Amendment" ("Petition"). These documents apparently relate to Rothing's widespread dissatisfaction with the government of Gallatin County. Rothing's contentions in these documents are so broad and general that it is quite difficult to read his filings and know the basis for his complaints. The first two pages of the Complaint document alone mention open space policy, taxation without representation, top down zoning schemes, waste of taxpayer dollars by funding a planning department, implementation of ex post facto laws, paying a judgment against the County in another unrelated lawsuit, and breach of contract with the taxpayers. The Petition document incorporates the Complaint document. The District Court determined that Rothing's requests for relief included a claim for injunction, a regulatory taking claim, a claim of waste of taxpayer money, a claim that the County acted without authority and a breach of contract claim.

¶3 The County moved to dismiss the Complaint and Petition for failure to state a claim. The District Court examined Rothing's documents and found that they were based upon vague and conclusory allegations that failed to state any cognizable legal claims. The District Court found that Rothing had failed to allege any facts that entitle him to an injunction as provided in § 27-19-201, MCA, or any facts to support a taking claim. The District Court found that Rothing's claims of waste of money were not justiciable, and that there was no basis for a breach of contract claim.

¶4 The District Court determined that since the Complaint failed to provide adequate notice of any factual or legal basis for Rothing's claims, it failed to state a claim against the County and was subject to dismissal. The District Court granted the County's motion and dismissed Rothing's Complaint.

¶5 Rothing's briefing on appeal does nothing to explain the factual or legal basis for any claims against Gallatin County. Instead, Rothing's briefs are primarily broad and generic statements of philosophy, law or statutes that he does not directly relate to any claim against the County. Much of Rothing's briefing is devoted to allegations of wrongdoing by the District Court.

¶6 Rothing's sweeping statements about his dissatisfaction with government cannot substitute for a pleading that alleges facts that support identified legal claims. The District Court and the opposing party are entitled to adequately-pled claims, as required by M. R. Civ. P. 8(a). The courts cannot create a cause of action not explicitly or implicitly stated in the complaint. *Sikorski v. Johnson*, 2006 MT 228, ¶ 23, 333 Mont.

434, 143 P.3d 161. The District Court was correct as a matter of law to dismiss Rothing's Complaint.

¶7    We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in this case are legal and are controlled by settled law, which the District Court correctly applied.

¶8    Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE

4