DA 13-0842

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 95N

PETER ROTHING,

       Plaintiff and Appellant,

  v.

GALLATIN COUNTY and its agents,
MARTY LAMBERT, JOE SKINNER,
STEVE WHITE and BILL MURDOCK,

       Defendants and Appellees.


APPEAL FROM:    District Court of the Eighteenth Judicial District,
                  In and For the County of Gallatin, Cause No. DV-13-490B
                  Honorable Mike Salvagni, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

           Peter Rothing, self-represented; Belgrade, Montana

       For Appellee:

           Steven R. Milch; Crowley Fleck PLLP; Billings, Montana


                          Submitted on Briefs:  March 26, 2014
                                   Decided:  April 8, 2014


Filed:

               _____
                          Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On July 17, 2013, Rothing brought this action against Gallatin County asserting claims arising out of the County's adoption or implementation of a floodplain regulation ordinance. After briefing, the District Court granted the County defendants' motion to dismiss in an order dated December 5, 2013, and Rothing appeals. We affirm.

¶3 The District Court concluded that Rothing's claims arose from County actions that had been the subject of a prior Rothing suit against the County. The District Court dismissed that prior suit and this Court affirmed. *Rothing v. Gallatin County*, 2014 MT 36N. The District Court determined that established principles of claim preclusion bar Rothing from re-litigating this action.

¶4 The County defendants conclusively demonstrated that the disposition of Rothing's prior suit precluded his attempt to re-litigate the issues here. The District Court properly applied settled Montana law and correctly dismissed this action.

¶5 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The issues in

this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶6     Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE